NATHANIEL STEVENS *vs.* JAIRUS B. LINCOLN.

Neither the giving of a negotiable note, in settlement of an account which contains a charge for unlawful interest, nor the giving of a memorandum check, in settlement of the note, is such a payment of unlawful interest as will enable the party giving the note and check to recover back three fold the amount of interest paid, in an action on the Rev. Sts. *c.* 35, § 3.

Where the maker of a usurious note takes it up, by paying part of the amount thereof in money, and by giving a memorandum check to the payee for the balance, without any specific appropriation of the money paid, the payee is not liable in an action on the Rev. Sts. *c.* 35, § 3, if the check be not paid.

In an action on the Rev. Sts. *c.* 35, § 3, brought by the assignee of an insolvent debtor, to recover back three fold the amount of interest paid, an averment that unlawful interest was paid to the defendant by such debtor is not supported by proof that the assignee himself paid the defendant a dividend on a usurious claim against such debtor's estate.

THIS was an action of debt, commenced on the 4th of March 1842, by the assignee of Perley & Bernice S. Hale, insolvent debtors, to recover back three fold the amount of interest paid by them to the defendant; it being alleged that they had paid to him a greater rate of interest than is allowed by law.

The declaration alleged, that before the application of the said Hales for the benefit of the insolvent law, to wit, on the 4th of March 1840, they paid to the defendant, and that the defendant received of the said Hales, $260·49, as usurious interest on the sum of $1153·09 from the 23d of November 1839 to the 1st of January 1840, and on the sum of $1589·57, from the 6th of December 1839 to the 1st of January 1840.

At the trial before *Wilde*, J. it was proved that the said Hales applied for the benefit of the insolvent law, (*St.* 1838, *c.* 163,) on the 29th of December 1840, and that the plaintiff was duly appointed their assignee on the 12th of January 1841.

The plaintiff, to support the allegations in his declaration, gave in evidence an account settled between the defendant and the said Hales on the 1st of January 1840, in which was the following charge:  "To exchange on note unpaid November 23d 1839, $1153·09 – December 6th, $1589·55 – 9½ per cent. $260·49."  The amount stated to be due to the defendant, by this account, on the 1st of January 1840, was $1958·91, and was settled by a note of the said Hales for that sum, paya

ble to the defendant or order in sixty days from said 1st of January; and the defendant wrote and signed, at the foot of the account, "received payment by note at two months." This note fell due on the 4th of March 1840, and was produced by the plaintiff, in order to show that it was paid at maturity.

The defendant requested the judge to instruct the jury, that the payment of the charges for exchange was made, if at all, by the giving of the said note on the 1st of January 1840, and not by the payment of said note at its maturity; and that the evidence did not show a payment of any usurious interest within two years next before the commencement of this action. But the judge ruled, that the alleged usurious interest was not paid until payment was made of the note in which it was included; and that this evidence, if not controlled, proved a payment of such interest within said two years.

The defendant then introduced evidence that said note of $1958·91 was paid at maturity, by a memorandum check for $500, and $1458·91 in money; that this check was carried into and made an item of a subsequent account settled between the defendant and the said Hales on the 1st of August 1840; that this last mentioned account resulted in a balance of $1536·76 in favor of the defendant, and that, for this sum, he received a memorandum check of the said Hales; that this last mentioned check was unpaid, and was held by the defendant at the time of the insolvency of the said Hales, and made an item of his accounts against them, upon which he had received from the plaintiff, as their assignee, 35 per cent., prior to the commencement of this action.

Upon this evidence, the defendant contended he had never received said sum of $260·49, charged, as aforesaid, as exchange upon two notes unpaid, and that, in respect thereof, this action could not be maintained; and he requested the judge so to instruct the jury. But the judge instructed the jury, that said evidence, if believed, proved a payment of said sum to the defendant, by the said Hales, on the 4th of March 1840; and that if said charge of exchange was a cover for usury, the plaintiff was entitled to a verdict.

The jury found a verdict for the plaintiff, and the defendant excepted to the rulings and instructions of the judge.

*W. D. Sohier & Welch,* for the defendant. If the giving of the note of $1958·91 was a payment of the account, the action was not brought within two years, and therefore cannot be maintained. Rev. Sts. *c.* 35, § 3. That this was a payment, see *Thacher* v. *Dinsmore,* 5 Mass. 299. *Musgrove* v. *Gibbs,* 1 Dall. 216. If this was not a payment, there was no payment of interest by the Hales afterwards. The memorandum check was not payment of the balance of the note, if the note was not payment of the account; and the Hales had a right to have the $1458·91 appropriated to the principal which was legally due. *Wright* v. *Laing,* 3 Barn. & Cres. 165, and 4 Dowl. & Ryl. 783.

If payment of the dividend of 35 per cent. was a payment of the usurious interest, or any portion of it, it was not received of the Hales, nor received on the 4th of March 1840, as is averred in the declaration; and the plaintiff cannot recover, unless he proves his charge as he has made it.

*J. P. Rogers,* for the plaintiff. The giving of the note was not a payment of the account, but merely a promise to pay it. *Thomes* v. *Cleaves,* 7 Mass. 361. *Simpson* v. *Warren,* 15 Mass. 160. *Greenwood* v. *Curtis,* 4 Mass. 93. By *payment,* in the cases cited for the defendant from 5 Mass. and 1 Dall. is meant a *discharge,* or *extinguishment* of the claim; and so it is there explained.

The memorandum check has been paid by the plaintiff, as assignee of the Hales, which has the same legal effect as a payment by them in person. Payment of a dividend of 35 per cent. on a usurious check, is as much a payment as if the whole were paid. See *Cuthbert* v. *Haley,* 8 T. R. 390.

Hubbard, J. It is found, by the verdict of the jury, that the charge of $260·49, exchange on note unpaid, in the account between the defendant and P. & B. S. Hale, was a cover for usury for the forbearance of the notes there mentioned; or that it was not a regular allowance of exchange in the course of

business; and the question is, whether this usury has been paid to the defendant, as alleged in the declaration.

This sum of exchange constituted one of the items of the account, to settle which the note of $1958·91, bearing date January 1st 1840, was given; and it is contended by the defendant, that the giving of this note was a payment of the account, and consequently that the usury was paid more than two years before the commencement of the suit. But this was no payment of the usury. It was the mere promise to pay it; and though the items of account were merged in the note, the usury was neither purged nor paid. This note was taken up on the 4th of March 1840, by the payment of $1458·91 in money, and by a memorandum check of $500, and the plaintiff assumes that this was a payment of the note; and he relies upon it to prove the receipt of the usury. If this was a payment of the usury, it would admit of very serious question whether the action was brought within the time limited by the statute. But we are of opinion that the memorandum check was not a payment of the balance due on the note. It was a mere substitution of another promise. A memorandum check is merely *primâ facie* proof that the drawer owes the holder, and is open to explanation, and may be controlled by evidence, like a receipt.

In regard to the payment of the $1458·91, whether this was a payment of the usurious interest or a part of it, we are of opinion, that while the usurious interest is unpaid, there remains the *locus penitentiæ;* that the party may relinquish it, and recover for the balance of his debt — the contract not being rendered void by the statute. And in the absence of proof as to any appropriation of a partial payment, the law will apply a payment to the valid demand rather than to the illegal one; and the balance which remains unpaid, if it exceeds the usury agreed to be paid, includes the usury; so that, on the one side, the debtor shall not recover back any part of that which he honestly owed, by the allegation, on his part, that the payment made by him was the payment of the usury; nor, on the other hand, will the law permit the creditor to secure to himself the avails of his

illegal contract, and when he sues for the balance due on the contract, to aver that the usurious interest was contained in the previous payment, and that the residue is justly due. This view of the law, we think, is fully sustained in the case of *Wright* v. *Laing*, 3 Barn. & Cres. 165. That was an action to recover the penalty upon a usurious transaction, in which the creditor had sold goods to the debtor and had also lent him money on usury, and in a settlement took three bills for the whole amount, in which the usury was included. The court held, that where a payment was made without any special appropriation at the time, the law would appropriate the payment towards the extinguishment of the legal demand, because the lender might repent of the illegal bargain and refuse to receive the usury ; that space should be given for repentance ; and that he should not be treated as having completed the offence, without full proof that he had not only agreed to receive, but had actually received, the usurious interest. In this action, whether the debtor or his assignee is plaintiff, the burden is on him to prove the receipt of the usury, and where no appropriation of a partial payment is made, the law will not presume it was on account or in fulfilment of the usurious bargain.

In regard to the payment of the 35 per cent., if it was a payment to the defendant by the plaintiff, as assignee of the Hales, of a dividend on their debt to the defendant, we think it does not prove the averment, in the declaration, of a payment of usury by the Hales, but that the variance is a fatal one.

*Verdict set aside, and a new trial granted.*